UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-14-171S |
| ARETHA JOHNSON | § § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and, Albert A. Balboni, Assistant United States Attorney, and Defendant, Aretha Johnson, and Defendant's counsel, Allan Cease, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.  Defendant agrees to plead guilty to Counts One and Thirteen of the Superseding Indictment. Count One charges Defendant with Conspiracy to Pay and Receive Kickbacks, in violation of Title 18, United States Code, §371. Count Thirteen Defendant with Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, §1957. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the

Indictment or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, §371 is a term of imprisonment of not more than five years and a fine of not more than $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, United States Code, §§ 3559(a) and 3583(b). The **statutory** maximum penalty for a violation of Title 18, United States Code, §1957 is a term of imprisonment of not more than ten years and a fine of not more than $250,000.00 or twice the amount of the criminally derived property involved in the transaction. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e) (3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Cooperation

4.      The parties understand this Agreement carries the potential for a motion for departure under § 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to § 5K1.1 of the <u>Sentencing Guidelines</u>. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 21 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

5. Defendant understands and agrees that the term "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, health care fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(b) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(c) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(d) Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation.

(e) Should the recommended departure, <u>if any,</u> not meet Defendant's expectations, Defendant understands she remains bound by the terms of this Agreement and that she cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal

6. Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest her conviction or sentence, or the manner in which the sentence was determined by means of any post-conviction proceeding.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce her guilty plea** and is binding neither on the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that

the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.  Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

### The United States' Agreements

9.  The United States agrees to each of the following:

    (a) If Defendant pleads guilty to Counts One and Thirteen of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing;

    (b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2)- level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.); and

    (c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense.

10.  The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. The Defendant understands and agrees that this Plea Agreement is limited to offenses arising from the charged conduct in the Southern District of Texas.

## United States' Non-Waiver of Appeal

11.  The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right to:

    (a) bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b) set forth or dispute sentencing factors or facts material to sentencing;

    (c) seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

    (d) file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

    (e) appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.  Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the

provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

13. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

- (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the Court all agree.
- (b) At a trial, the United States would be required to present witnesses

and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

**Factual Basis for Guilty Plea**

14. Defendant is pleading guilty because she <u>is</u> guilty of the charges contained in Counts One and Thirteen of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

From in or around March 2005, and continuing thereafter to in or about April 2012, in the Houston Division of the Southern District of Texas, and elsewhere, Defendant ~~Ernestine~~ *Aretha* Johnson engaged in a conspiracy to pay and *AKA a.a.c.* receive kickbacks with co-defendants David Edson, Jeffrey Parsons, Ernestine Johnson, Inger Michelle Pace, James Bobino and others. Continuum Healthcare LLC (Continuum) owned and operated three Community Mental Health Centers in the Greater Houston Area known by their locations as Hornwood, Baytown and

9

Missouri City. Each location operated a partial hospitalization program (PHP). In 2010, Continuum opened Westbury Community Hospital (Westbury) with Hornwood and Baytown becoming outpatient centers of Westbury and continuing to operate their existing PHPs under the Westbury name. Westbury also opened a PHP. Paul Edson, Vice-President of Development and Jeff Parsons, Vice-President of Operations were responsible for the day-to-day operation of Continuum/Westbury. Both were involved in the implementation of the various kickback programs. The vast majority of the people referred in exchange for payment did not qualify for PHP services either because they were not experiencing an acute psychotic episode or because they were suffering from mental retardation, dementia or Alzheimer's. Defendant owned a facility known as Liberty Island which she used as a personal care home and also as an adult daycare facility. Defendant first became involved with Continuum's PHP when co-defendant Ernestine Johnson approached her about sending her residents to Continuum. Ernestine Johnson used to work as a paid recruiter for Defendant's adult daycare program. Defendant was paid $12,000.00 by Continuum for nursing services on March 16, 2005. The payment was in return for the clients she sent to Continuum. Defendant provided no nursing services to Continuum. Defendant met co-defendant Edson who offered her two options to be paid in return for sending her residents to Continuum. One involved Continuum leasing space at Liberty

Island for $12,000.00 per month. The second resulted in a contract for Defendant to provide lunch daily for the patients and staff at Continuum. Defendant knew that both the lease and the contract were dependent on her maintaining a certain number of residents at Continuum. Defendant knew that Edson would cancel the contracts if she failed to provide an adequate number of patients. Later, Defendant and Edson agreed to swap patients between Liberty Island and Continuum. Defendant would send additional Medicare-eligible residents to Continuum's PHP and Edson would send Medicaid-eligible patients to Liberty Island's daycare. This swap was designed to give Defendant the ability to bill Medicaid for Medicaid-only patients who could not be billed by Continuum. In return for sending her residents to Continuum, Defendant was paid a total of $2.6 million under the two contracts. For example, on March 16, 2005, Edson caused Continuum to pay Defendant $12,000.00 for providing patients to its PHP. During the course of the conspiracy, defendants Edson and Parsons caused Continuum/Westbury to fraudulently bill Medicare $12.1 million and caused Medicare to pay $4.6 million based on the false and fraudulent claims associated with the patients delivered by Defendant. On January 11, 2011, Defendant deposited Continuum Hornwood, LLC check # 12573, in the amount of $12,000.00, payable to Aretha Johnson DBA Liberty Island Properties into her Liberty Island Adult Day Care account *1125 at JP Morgan Chase Bank. The check was a kickback for the Liberty Island residents

11

sent to the Continuum PHP.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully

executing a sworn financial statement (Form OBD-500) by the deadline set by the United States, or if no deadline is set, prior to sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

20. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of her

criminal conduct, the victim incurred a monetary loss of at least $4.6 million. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

21.     Defendant stipulates and agrees that the factual basis for her guilty plea supports the forfeiture of at least $4.6 million against her and in favor of the United States. Defendant agrees to forfeit any of her property, or her interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

22.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), Fed.R.Crim.Pro.

24.     Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26. This written Plea Agreement, consisting of 18 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

27. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas on   Nov 18  , 2016.

                            Aretha Johnson
                            Defendant

Subscribed and sworn to before me on   Nov 18  , 2016.

                            DAVID J. BRADLEY, Clerk
                            UNITED STATES DISTRICT CLERK

                    By: _____
                            Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____        _____
    Albert A. Balboni                            Allan Cease, Esq.
    Assistant United States Attorney       Attorney for Defendant
    Southern District of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-14-171S |
| ARETHA JOHNSON | § § | |
| Defendant | § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____
Allan Cease, Esq.
Attorney for Defendant

11/18/16
Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____	_____11/18/16_____
Aretha Johnson	Date
Defendant